UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEON ANTHONY SINGH,

       Petitioner,

v.                            Case No. 3:26-cv-613-MMH-MCR

WARDEN RONNIE WOODALL, et al.,

       Respondents.

_____

## **ORDER**

Petitioner Leon Anthony Singh, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus (Doc. 1; Petition), filed March 20, 2026. Singh is a citizen of Antigua and Barbuda who entered the United States as a minor in 2011. Id. at 1, 3. Although he was granted lawful permanent resident status, he returned to Antigua and Barbuda in 2012 because his family in the United States could not care for him. Id. at 1, 3–4. Singh reentered the United States in 2018 and has resided in the country continuously ever since. Id. at 1, 4. On March 29, 2025, he was arrested on criminal charges. Id. at 4; see Doc. 10-2 at 2. The next day, United States Immigration and Customs Enforcement (ICE) re-encountered Singh. Doc. 10-2 at 3. On January 14, 2026, an immigration court denied bond because Singh was an "arriving alien" under the Immigration and Nationality Act (INA).

Petition at 5. Singh raises various challenges to his immigration detention and seeks, inter alia, immediate release. See id. at 6–7.

Respondent Warden filed Respondent Warden, Ronnie Woodall's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 9; Motion), arguing he is not a proper respondent in this case. See generally Motion. Singh filed Petitioner's Response in Opposition to Respondent Warden Ronnie Woodall's Motion to Dismiss (Doc. 11; Motion Reply), contending that Respondent Warden is a proper respondent because he has immediate physical custody over Singh. See generally Motion Reply. The Federal Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 10; Response) asserting that they are now detaining Singh under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Response at 4–5. Singh filed Petitioner's Reply to Respondents' Response to Petition for Writ of Habeas Corpus (Doc. 12; Response Reply). He asks the Court to direct that he be afforded an individualized bond hearing or, in the alternative, his immediate release. Id. at 7.

When Singh was detained in March 2025, Petition at 4; see generally Doc. 10-2, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226, see id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1.      Singh's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Singh an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Singh, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Respondent Warden, Ronnie Woodall's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 9) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

---

[1] Because the Court finds that Singh is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3.     The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of July, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record

4